

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2002

# Ash-Bey v. Fauntleroy

Precedential or Non-Precedential:

Docket 1-1865

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Ash-Bey v. Fauntleroy" (2002). *2002 Decisions.* Paper 69.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/69

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-1865


THOMAS ASH-BEY,

Appellant

v.

HARRY FAUNTLEROY, LT.; SALVATORE LOPRESTI, CAPT.; CHAPLAIN
AZIZ; JOSE CORDERO, COUNSELOR; THOMAS, OFFICER; RODRIGUEZ,
OFFICER, ALL OF F.C.I. FORT DIX


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

(Dist. Court No. 98-cv-01447)
District Court Judge: Honorable Jerome B. Simandle


Submitted Under Third Circuit LAR 34.1(a)
January 17, 2002

Before: ALITO and ROTH, Circuit Judges, and SCHWARZER, Senior District
Judge

(Opinion Filed: January 30, 2002)


MEMORANDUM OPINION OF THE COURT


PER CURIAM:

Because we write for the parties only, the background of the case need not
be set out.  We reject the appellant's argument that the prison regulations at issue in this

case violate the First Amendment of the United States Constitution. Because the prison restrictions on the wearing of certain apparel were reasonably related to legitimate penological interests, we affirm the District Court's summary judgment in favor of the defendants.

Although prisoners' personal liberties are certainly curtailed during incarceration, the Supreme Court has made it clear that prisoners "do not forfeit all constitutional protections by reason of their conviction and confinement in prison." DeHart v. Horn, 227 F.3d 47, 50 (3d Cir. 2000) (quoting Bell v. Wolfish, 441 U.S. 520, 545 (1979)). "Inmates clearly retain protections afforded by the First Amendment, . . . including its directive that no law shall prohibit the free exercise of religion." Id. (quoting O'Lone v. Shabazz, 482 U.S. 342, 348 (1987) (citations omitted)). However, certain restrictions on inmates' exercise of these constitutional rights are justified by the valid penological objectives of deterrence of crime, rehabilitation of prisoners, and institutional security. See id. at 50-51.

In Turner v. Safley, 482 U.S. 78 (1987), the Supreme Court concluded that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Id. at 89. Turner counsels consideration of the following four factors:

> "First, there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it" and this connection must not be "so remote as to render the policy arbitrary or irrational." Second, a court must consider whether inmates retain alternative means of exercising the circumscribed right. Third, a court must take into account the costs that accommodating the right would impose on other inmates, guards, and prison resources generally. And fourth, a court must consider whether there are alternatives to the regulation that "fully accommodate[] the prisoner's rights at de minimis cost to valid penological interests."

DeHart, 227 F.3d at 51 (quoting Waterman v. Farmer, 183 F.3d 208, 213 (3d Cir. 1999)
(internal citations omitted)).  The District Court correctly applied Turner and concluded
that the regulations at issue did not violate the First Amendment.

        We also agree with the District Court that, assuming for the sake of
argument that the Religious Freedom Restoration Act, 42 U.S.C.    2000bb through
2000bb-4, applies, the record does not show that the regulations impose a "substantial
burden" on religious exercise.

        We have considered all of the defendants' arguments and see no basis for
reversal.  The judgment of the District Court is therefore affirmed.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


                              Circuit Judge

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-1865


THOMAS ASH-BEY,

Appellant

v.

HARRY FAUNTLEROY, LT.; SALVATORE LOPRESTI, CAPT.; CHAPLAIN
AZIZ; JOSE CORDERO, COUNSELOR; THOMAS, OFFICER; RODRIGUEZ,
OFFICER, ALL OF F.C.I. FORT DIX


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

(Dist. Court No. 98-cv-01447)
District Court Judge: Honorable Jerome B. Simandle


Submitted Under Third Circuit LAR 34.1(a)
January 17, 2002

Before: ALITO and ROTH, Circuit Judges, and SCHWARZER, Senior District
Judge

        (Opinion Filed:                              )



                            JUDGMENT



        This cause came to be heard on the record from the United States
District
Court for the District of New Jersey and was submitted under Third Circuit
LAR 34.1(a)
on January 17, 2002.

        After review and consideration of all contentions raised by the
appellant, it
is hereby ORDERED and ADJUDGED that the judgment of the District Court
entered on

March 8, 2001, be and is hereby affirmed, all in accordance with the opinion of this Court.

ATTEST:


Clerk

DATED: